Filed 11/25/20  In re X.T. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re X.T., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B299264 (Super. Ct. No. MJ23409) (Los Angeles County) |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>X.T.,<br><br>   Defendant and Appellant. | |

A Juvenile Petition (Welf. & Inst. Code, § 602) alleged two counts of robbery (Pen. Code, § 211),[1] one count of possessing a firearm by a minor (§ 29610), and one count of possessing live ammunition by a minor (§ 29650) against appellant X.T.  Both robbery counts included three enhancements:  (1) use of a deadly

---

[1] All statutory references are to the Penal Code unless otherwise noted.

or dangerous weapon (§ 12022, subd. (a)(1)); (2) use of a firearm (§ 12022.5, subd. (a)); and (3) commission of a violent felony (§ 12022.53, subd. (b)). The petition included a determination of appellant's ineligibility for deferred entry of judgment. Appellant denied the allegations. The juvenile court sustained the petition and committed appellant to the Department of Juvenile Facilities ("DJF") in a disposition order dated June 26, 2019. It calculated his maximum period of confinement as 14 years and his maximum theoretical period of imprisonment as 32 years and 300 days.

Appellant contends the juvenile court abused its discretion when it ordered him to DJF instead of a less restrictive alternative such as long-term camp commitment. He also contends it incorrectly calculated his predisposition custody credits and maximum terms of confinement and imprisonment. We affirm appellant's commitment to DJF but remand the case for the limited purpose of recalculating appellant's custody credits and term of confinement.

BACKGROUND

Appellant and another man entered Lonnell Grimes's barber shop in Lancaster on the afternoon of May 1, 2018 and asked for haircuts. Grimes told them he did not accept walk-ins and planned to leave for the day once he finished the current customer's haircut. One of the men asked for a business card. When Grimes turned around to retrieve a card, appellant held a gun to his neck and took his cash, wallet, and cell phones. The other man took $400 and a chain from customer Rodrick Reese. Reese's two sons, ages 8 and 11, witnessed the robbery.

2

Grimes saw the two as they fled out the building. He described appellant as having red pants, a gray sweater, and a red tattoo on his neck.

A sheriff's deputy stopped a silver Mercedes-Benz with no license plates shortly after the robbery. Two men jumped out and ran away in different directions. A detective recovered Grimes's wallet from the back seat of the car along with a sweater matching the one worn by appellant. He found a loaded Glock handgun 50-75 feet away from where the traffic stop occurred. Security footage the detective obtained from a nearby business captured a suspect holding a handgun running from the car.

The detective asked appellant's mother to visit the local sheriff's station about a week after the robbery. During her visit, she said her son resembled the suspect in security footage. Appellant confessed to the robbery in an interview with the same detective several months later. He later challenged the admissibility of his confession and the case proceeded to adjudication.

## DISCUSSION

### Order Committing Appellant to DJF

We review the juvenile court's order of commitment for abuse of discretion. (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330, citing *In re Todd W.* (1979) 96 Cal.App.3d 408, 416.) "'"We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them."'" (*Id.* at p. 1330, quoting *In re Lorenza M.* (1989) 212 Cal.App.3d 49, 53.)

Appellant contends the court abused its discretion when it committed him to DJF. He explains how a litany of childhood traumas – his father's death in a motorcycle accident and his

3

mother's brain injury during military service, as just two examples – left him with mental health conditions best treated in a less restrictive environment. He suggests a long-term camp placement would provide him with better therapeutic services without compromising public safety. In addition, the greater number of camps available in relation to DFJ facilities would keep him closer to his two children.

We have no reason to doubt the tragedies appellant experienced in his formative years created or compounded mental health conditions that continue to plague him. Indeed, many if not most entering the juvenile justice system bear trauma's profound psychological imprint.[2] The record shows the juvenile court likewise recognized the psychological roots of appellant's troubles and the need to provide him with mental health services during commitment. It balanced these rehabilitative considerations with public safety concerns presented by the violent nature of his present and past offenses. Significantly, appellant served six months in camp in 2016 after the court sustained a petition alleging assault likely to produce great bodily injury (§ 245, subd. (a)(4).) This prior case closed less than nine months before appellant and his accomplice robbed Mr. Grimes and Mr. Reese at gunpoint in front of two children.

---

[2] See, e.g., Arredondo, *Child Development, Children's Mental Health and the Juvenile Justice System: Principles for Effective Decision-Making* (2003) 14 Stan. L. & Pol'y Rev 13, 16 ("A typical youth who repeatedly appears before the juvenile court . . . has learned that the world can be unpredictable, capricious, threatening, and grossly unfair. Additionally, he has not had the necessary developmental opportunity of internalizing consistently benevolent, reliable, and fair adult authority figures.").

Appellant's prompt recidivism following a long-term camp program, combined with his poor behavior in predisposition detention, evidence "the inappropriateness or ineffectiveness of less restrictive alternatives" to DJF. (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396.) We affirm the juvenile court exercised its discretion properly when it committed appellant to DJF.

*Appellant's Predisposition Credits*

Appellant spent 168 days in custody (i.e., January 10 to June 26, 2019) rather the 160 days reflected in the June 26 disposition order. The People agree appellant is entitled to eight additional days of predisposition credit. We conclude the same.

*Appellant's Maximum Periods of*
*Confinement and Imprisonment*

The disposition order specifies appellant's maximum period of confinement as 14 years and his theoretical maximum period of imprisonment as 32 years and 300 days. Much of this time is attributable to the three enhancements alleged in connection with both robbery counts. Appellant contends the juvenile court erred when it aggregated the terms associated with these enhancements. The People again agree.

Penal Code section 12022.53, subdivision (f) states "[a]n enhancement involving a firearm specified in Section 12021.5, 12022, 12022.3, 12022.4, 12022.5, or 12022.55 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section." Appellant's enhancements under section 12022, subdivision (a)(1), section 12022.5, subdivision (a), and section 12022.53 fall within the ambit of subdivision (f). This means the juvenile court should have applied only the longest term of the three enhancements instead of adding the three

5

together.  This error significantly lengthened the maximum periods of confinement and imprisonment for Counts 1 and 2.

CONCLUSION

We conclude the court erred when it calculated appellant's predisposition custody credits and maximum terms of confinement and imprisonment.  We remand this matter with instructions to recalculate these parts of the June 26, 2019 disposition order in a manner consistent with this opinion.  We otherwise affirm.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



TANGEMAN, J.


6

William A. Crowfoot, Judge
Superior Court County of Los Angeles
_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.